IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

RANDY L. SCOTT, )
)
    Plaintiff )
)
v. ) Civ. No. 3:12cv434
)
ELLIOTT B. BENDER )
Serve at: Six West Broad Street )
        Richmond, VA 23220 (Office) )
and )
)
ELLIOTT B. BENDER, PLLC )
Serve: c/o Elliott B. Bender, RA and Member )
      Six West Broad Street )
      Richmond, VA 23220 )
)
    Defendants )

## COMPLAINT

Randy L. Scott ("Scott"), by counsel, for his complaint against Elliott B. Bender ("Mr. Bender") and Elliott B. Bender, PLLC ("PLLC") respectfully represents:

Parties

1.    Scott resides and at all times material to this cause has resided in Henrico County, Virginia. He is a "consumer" under 15 U.S.C. § 1692a(3) for purposes of this controversy.

2.    Mr. Bender is a member of the Virginia State Bar licensed to practice law in Virginia with his principal office located at Six West Broad Street in the City of Richmond, Virginia. He is a "debt collector" for purposes of 15 U.S.C. § 1692a(6).

3.    PLLC upon information is a Virginia professional limited liability company licensed to practice law by the Virginia State Bar. Upon information at all times material to this

W. R. Baldwin, III (VSB #16988)
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax: (804) 285-7779
Counsel for the Plaintiff
Email: billbaldwin@comcast.net

controversy PLLC has been controlled by Mr. Bender.

## Subject Matter Jurisdiction

4.   This Court exercises subject matter jurisdiction of this matter under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and under 28 U.S.C. § 1331 in that this controversy is a civil action arising under the laws of the United States.

## Personal Jurisdiction

5.   This Court exercises personal jurisdiction over the defendants, both of whom reside and have their business offices located within the Richmond Division of the United States District Court for the Eastern District of Virginia.

## Venue

6.   Venue is laid in this court under 28 U.S.C. § 1391 in that all defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Facts

7.   On or about January 6, 2012, Mr. Bender and PLLC communicated with Mr. Scott via the letter attached hereto as Exhibit A, such letter being transmitted by the United States Postal Service.

8.   Exhibit A is a communication with a consumer in connection with debt collection for purposes of the FDCPA and it was the initial such communication by Mr. Bender and PLLC with Mr. Scott. In Exhibit A Mr. Bender and PLLC admitted that "This is an attempt to collect a debt and any information gained will be use [sic] for that purpose."

9.   The FDCPA, in 15 U.S.C. § 1692g, provides in part pertinent to this controversy:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing —
>
> . . . .
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

10. Exhibit A did not contain any of the information required by the provisions of 15 U.S.C. § 1692g excerpted in paragraph 9 above and Mr. Bender did not send to Mr. Scott a written notice containing this information within five days after the communication of Exhibit A.

11. On or about March 26, 2012, Mr. Bender and PLLC on behalf of BTP Mechanical Company LLC sued Mr. Scott to collect the alleged debt described in Exhibit A. Such suit was brought by warrant in debt filed in the Richmond, Virginia, General District Court, case number GV12011289-00, under the style of *BTP Mechanical Company, LLC v. Randy Scott*. A true copy of the first page of the warrant in debt in this case as mailed to Mr. Scott by Mr. Bender and PLLC is attached hereto as Exhibit B. A true copy of the information of this case pending in the Richmond City General District Court on or about May 1, 2012 is attached as Exhibit C. This

information was published at the Virginia Courts website on May 1, 2012, with URL of:

*http://epwsgdp1.courts.state.va.us/gdcourts/captchaVerification.do?landing=landing*

12. Under 15 U.S.C. § 1692i, an action on a consumer debt such as that described in Exhibit A (one not involving an action to enforce an interest in real property securing the consumer's obligation) must be brought only in the judicial district where Mr. Scott either signed the contract sued upon or resides at the commencement of the action.

13. Mr. Scott did not reside in the City of Richmond, Virginia at the time of any alleged signature of any alleged contract that underlies the lawsuit filed originally by Mr. Bender and PLLC on behalf of BTP Mechanical Company LLC as Richmond, Virginia, General District Court case number GV12011289-00 and Mr. Scott did not reside in the City of Richmond, Virginia, at the time the warrant in debt referenced in paragraph 11 was filed.

14. At the return of this case to the Richmond, Virginia, General District Court on May 1, 2012 that court ordered the cause transferred to the Henrico County General District because no grounds for venue in the Richmond General District Court existed. A true copy of the order of transfer is attached as Exhibit D.

15. As a result of such transfer, the suit by BTP Mechanical Company LLC against Mr. Scott is now pending in the Henrico County General District Court as case no. GV12012045-00 and it is presently set for return on June 22, 2012 at 10:00 a.m. per Exhibit E.

16. The foregoing actions of Mr. Bender and PLLC have damaged Mr. Scott.

## COUNT I

17. The allegations of paragraphs 1-16 are incorporated by this reference.

18. In failing to include in Exhibit A the information required by the provisions of 15 U.S.C. § 1692g excerpted in paragraph 9 above and by failing to send to Mr. Scott a written

notice containing this information within five days after the initial communication (Exhibit A), Mr. Bender and PLLC violated the FDCPA.

## COUNT II

19. The allegations of paragraphs 1-16 are incorporated by this reference.

20. In filing suit in the Richmond General District Court, a judicial district where Mr. Scott did not reside at the time of any alleged signature of any alleged contract in controversy and a judicial district where Mr. Scott did not reside at the time of the filing of that suit, Mr. Bender and PLLC violated the FDCPA.

### Reservation of Rights

21. Mr. Scott reserves the right to seek amendment of this complaint for any additional violations of the FDCPA committed by Mr. Bender and/or PLLC in connection with the case now pending against Mr. Scott in the Henrico General District Court as may accrue after the date of filing of this cause and within the time allowed for amendments to this complaint by the applicable Federal Rules of Civil Procedure and/or orders of this court entered in this case.

### Relief

WHEREFORE, premises considered, Randy L. Scott, by counsel, demands judgment against the defendants Elliott B. Bender, Esq. and Elliott B. Bender, PLLC, jointly and severally, under 15 U.S.C. § 1692k(a)(1) for all actual damage caused Mr. Scott by the foregoing violations of the Fair Debt Collection Practices Act, under 15 U.S.C. § 1692k(a)(2), for additional damages of $1,000 per violation and for the costs of this action, together with a reasonable attorney's fee as determined by the court and such other relief as is proper. Mr. Scott estimates his total claim as not exceeding $10,000.00.

RANDY L. SCOTT

By: _____
　　　　　　Of Counsel

W. R. Baldwin, III (VSB #16988)
Marchant, Thorsen, Honey, Baldwin & Meyer LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3888
Fax:　 (804) 285-7779
Email: billbaldwin@comcast.net
Counsel for Randy L. Scott