IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| RANDY L. SCOTT,<br><br>    *Plaintiff,*<br><br>v.<br><br>ELLIOTT B. BENDER, et al.,<br><br>    *Defendants.* | Civil Action No. 3:12cv434 |

### ELLIOTT B. BENDER AND
### ELLIOTT B. BENDER, PLLC'S ANSWER
### AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Elliott B. Bender, Esquire ("Mr. Bender") and Elliott B. Bender, PLLC ("the Firm" and together with Mr. Bender, "the Lawyers"), by counsel, respond as follows to each of the allegations of fact contained within the Complaint ("Complaint") filed by the Plaintiff Randy L. Scott ("Plaintiff"):

### ANSWER

1.    The Lawyers lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained within the first sentence of Paragraph 1 of the Complaint and therefore deny the same and demand strict proof thereof. The second sentence of Paragraph 1 of the Complaint is comprised allegations of law to which no response is required of the Lawyers.

2.    The Lawyers admit the allegations of the first sentence of Paragraph 2 of the Complaint. The Lawyers deny the allegations of the second sentence of Paragraph 2 of the Complaint.

3. The Lawyers deny the allegations on the first sentence of Paragraph 3 of the Complaint because only individual persons can be licensed to practice law. In response to the second sentence of Paragraph 3 of the Complaint, the Lawyers state that Mr. Bender is the only lawyer who works for the Firm, and so his actions are the Firm's actions. All other allegations and implications contained in the second sentence of Paragraph 3 of the Complaint are denied.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required of the Lawyers.

5. Paragraph 5 of the Complaint contains conclusions of law to which no response is required of the Lawyers. The Lawyers agree that personal jurisdiction exists.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required of the Lawyers. The Lawyers agree that venue is proper.

7. The Lawyers admit the allegations of Paragraph 7 of the Complaint, including that they sent the attached Exhibit A to Plaintiff.

8. The Lawyers admit in part and deny in part the allegations of the first sentence of Paragraph 8 of the Complaint, admitting that Exhibit A was the first written communication, but denying that it falls under jurisdiction of the FDCPA. The second sentence of Paragraph 8 of the Complaint refers to the contents of Exhibit A to the Complaint, which speaks for itself.

9. Paragraph 9 of the Complaint contains conclusions of law to which no response is required of the Lawyers.

10. Paragraph 10 of the Complaint contains conclusions of law to which no response is required of the Lawyers, and it refers to the contents of Exhibit A to the Complaint, which speaks for itself.

11. The Lawyers admit the allegations of the first two sentences of Paragraph 11 of the Complaint. The third sentence of Paragraph 11 of the Complaint refers to the contents of Exhibit B to the Complaint, which speaks for itself. The fourth sentence of Paragraph 11 of the Complaint refers to the contents of Exhibit C to the Complaint, which speaks for itself. The Lawyers lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained within the fifth sentence of Paragraph 11 of the Complaint and therefore deny the same and demand strict proof thereof.

12. Paragraph 12 of the Complaint contains conclusions of law to which no response is required of the Lawyers.

13. The Lawyers lack knowledge or information sufficient to form a belief as to the accuracy of the allegations contained within the first sentence of Paragraph 13 of the Complaint and therefore deny the same and demand strict proof thereof.

14. The Lawyers admit in part and deny in part the allegations of the first sentence of Paragraph 14 of the Complaint, admitting that the Court transferred venue as a result of this hearing wherein only Plaintiff (Mr. Scott) was represented, but denying that no grounds for venue in Richmond existed. The second sentence of Paragraph 14 of the Complaint refers to the contents of Exhibit D to the Complaint, which speaks for itself.

15. The Lawyers admit the allegations of Paragraph 15 of the Complaint.

16. The Lawyers deny the allegations of Paragraph 16 of the Complaint.

17. The Lawyers incorporate by reference each of their responses to Paragraphs 1-16 of the Complaint as their response to Paragraph 17 of the Complaint.

18. The Lawyers deny the allegations of Paragraph 18 of the Complaint.

19. The Lawyers incorporate by reference each of their responses to Paragraphs 1-16 of the Complaint as their response to Paragraph 19 of the Complaint.

20. The Lawyers deny the allegations of Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains conclusions of law to which no response is required of the Lawyers.

The Lawyers further deny and demand strict proof of any allegations in the Complaint not expressly addressed in their Answer and denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph following Paragraph 21 of the Complaint. The Lawyers deny and affirmatively state that Plaintiff lacks any actual damages arising from any of the matters alleged in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Lawyers were not debt collectors collecting a consumer debt as those terms are defined by the FDCPA and related case law as alleged in the Complaint, and therefore the Lawyers are not proper defendants to this FDCPA claim.

3. Plaintiff failed to mitigate any damages which he may have suffered.

4. The Lawyers engaged in no conduct that harassed, oppressed and/or abused Plaintiff.

5. Venue in the City of Richmond for the underlying debt claim is proper.

6. Plaintiff has suffered no actual damages.

## RESERVATION

The Lawyers, by counsel, reserve the right to amend their Answer and Affirmative Defenses to add additional grounds as they may deem appropriate and/or as they may later become advised.

**Respectfully submitted,**

**ELLIOTT B. BENDER
AND
ELLIOTT B. BENDER, PLLC**

**By Counsel**

/s/ Andrew Biondi
_____
Andrew Biondi, Esquire (VSB # 48100)
Eric C. Howlett, Esquire (VSB # 82237)
SANDS ANDERSON PC
1111 East Main Street, Suite 2400 (23219)
Post Office Box 1998
Richmond, Virginia 23218-1998
Telephone: (804) 648-1636
Facsimile: (804) 783-7291
E-mail: abiondi@sandsanderson.com
*Counsel for the Lawyers*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filed (NEF) to:

W.R. Baldwin, III, Esquire
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA 23226
billbaldwin@comcast.net

/s/ Andrew Biondi
_____
Andrew Biondi, Esquire